IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ORTON,

       Plaintiff,                 No. 10-11013
                                      Hon. Gerald E. Rosen
v.

JOHNNY'S LUNCH FRANCHISE,
LLC, and ANTHONY CALUMUNCI,

       Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS'
JOINT MOTION TO DISMISS</u>**

At a session of said Court, held in
The U.S. Courthouse, Detroit, Michigan
on       July 20, 2010     

PRESENT:   Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

## I. INTRODUCTION

This matter is before the Court on Defendants Johnny's Lunch Franchise ("Johnny's") and Anthony J. Calamunci's ("Calamunci") Joint Motion to Dismiss. Defendants sought dismissal, initially, on the basis of lack of personal jurisdiction, venue, and failure to state a claim. After Plaintiff John Orton's response, Defendants abandoned the personal jurisdiction and venue claims, and now jointly seek dismissal based only on the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Further, Defendants request that their Motion to Dismiss be converted into a motion for summary judgment if the Court elects to rely on the exhibits submitted in support of Mr. Orton's

response. After reviewing the parties' written submissions in support of and opposition to Defendants' motion, as well as the remainder of the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials, and that oral arguments will not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, this Court finds that Mr. Orton has failed to allege a factually sufficient claim for purposes of establishing subject matter jurisdiction and therefore, Defendants' motion shall be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff John Orton, a resident of Ann Arbor, Michigan, commenced this suit against Defendants Johnny's Lunch Franchise and Anthony J. Calamunci asserting a number of federal and state-law claims arising from his employment with Johnny's Lunch Franchise. Specifically, he alleges violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 203(d) *et seq.*, violations of the Michigan Wage and Fringe Benefits Act ("WFBA") Mich. Comp. Laws § 408.471, unjust enrichment, and breach of employment contract.[1] Johnny's is a limited liability corporation, with its principal place of business in Ohio, and Mr. Calamunci is a resident of Ohio. Mr. Calamunci is an employee of Johnny's and an attorney representing both himself and the corporation.

---

[1] Though Mr. Orton does not specify under which FLSA provision his Complaint is filed, it appears that he alleges a violation of the minimum wage provision § 206, as he claims he did not receive any pay from August 2008 to December 2008.

In his Complaint, Mr. Orton alleges that Defendants: (1) are employers as defined under FLSA; (2) willfully and intentionally failed to compensate him for fourteen weeks of work, from August 2008 until December 2008 in violation of the FLSA; (3) failed to pay him fringe benefits for health care and vacation pay in violation of WFBA; and (4) were unjustly enriched by these withheld payments and/or breached a contract implied in fact. Mr. Orton claims he should be compensated in the amount of $33,653.83 in lost wages, as well as $3,967.00 for unpaid expenses and benefits. The case was filed in this Court asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the FLSA claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.

Through the present motion, Defendants allege that Mr. Orton is an "exempt" employee as defined by the FLSA and as such, may not benefit from the Act's protections. Defendants further argue that Mr. Calamunci is not an "employer" under the Act.[2]

### III. ANALYSIS

**A. LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM.**

Through the present motion, Defendants jointly seek dismissal of Mr. Orton's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, the Defendants pray for this Court to convert their

---

[2] Defendants do not appear to contest the fact that Johnny's, the corporation, qualifies as a covered entity or "employer" under the Act.

Motion to Dismiss into a Rule 56 motion for summary judgment in the light of the exhibits submitted with Mr. Orton's response.[3]

When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough

---

[3] In the Motion to Dismiss, Defendants also argue that personal jurisdiction and venue in the Eastern District of Michigan are improper. However, in their reply brief, Defendants concede that personal jurisdiction may be proper. Although Defendants do not expressly address the venue claim in their reply, it can be quickly disposed of here. In a case such as this where jurisdiction is asserted on the basis of federal question and not diversity of citizenship, 28 U.S.C. §1391(b)(2) provides that venue is proper in "a judicial district where a substantial part of the acts or omissions giving rise to the claims occurred." Specifically, venue is appropriate in "any forum with a substantial connection with the plaintiff's claim." *Bay County Democratic Party v. Land*, 340 F. Supp. 2d 802, 806 (E.D. Mich. 2004) (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). Accordingly, this court finds that venue is proper in the Eastern District of Michigan because Defendants own and operate multiple franchise locations within this district and, taking Mr. Orton's allegations as true, events in connection with the operation of such locations gave rise to his claims.

4

to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

Mr. Orton submitted to the Court ten exhibits and an affidavit of his response brief. As a general matter, the federal rules require that if, in a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Further, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Where "one party is likely to be surprised by the proceedings, notice is required, but generally, [w]hether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case." *Wysocki v. International Business Machine Corp.*, --- F.3d ---, No. 09-5161, 2010 WL 2499390, at *6 (6th Cir.) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 203 (6th Cir. 1998)) (alterations in the original and internal quotations omitted). This requirement, in effect, "is designed to prevent unfair surprise to the parties." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975).

The Sixth Circuit has taken a "liberal view" of what materials are considered part of the pleadings for purposes of Rule 12(b)(6) motions to dismiss. *Armengau v. Cline*, 7

Fed. App'x. 336, 344 (6th Cir. 2001). It is well established that if documents central to and referenced in a complaint are later attached to a motion to dismiss, they become part of the pleadings. *Id. See also Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (deeming plan documents to be part of the pleadings when the plaintiff did not refer to the documents but rather to the plan as an entity, as the plaintiff's claims "are controlled by the plans' provisions as described in the plan documents"). Further, when affidavits do "nothing more than verify the complaint, and when they add[] nothing new, but, in effect, reiterate[] the contents of the complaint itself, they are not truly materials . . . outside the pleadings." *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (quoting *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (alterations in the original and internal quotations omitted).[4] In addition, the court may consider, as part of the pleadings, "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Jackson v. City of*

---

[4] Most cases hold that in ruling on an FRCP 12(b)(6) motion, the district court cannot consider "new" facts alleged in plaintiff's opposition papers. *See Schneider v. California Dept. of Corrections*, 151 F3d 1194, 1197 (9th Cir. 1998). However, some courts hold that a plaintiff "may supplement the complaint with factual narration in an affidavit or brief" in responding to a Rule 12(b)(6) motion. *See Albiero v. City of Kankakee*, 122 F3d 417, 419 (7th Cir. 1997). IN addition, a plaintiff's briefing may always be used "to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230, 120 S. Ct. 2143, 2155, fn. 10 (2000); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F3d 410, 428, fn. 8 (3rd Cir. 1999); *but see Hayes v. Whitman*, 264 F3d 1017, 1025 (10th Cir. 2001) (court may not consider additional facts or legal theories in responsive brief that are inconsistent with those pleaded in complaint).

In this case, even if the Court were to conclude that Plaintiff has asserted "new" facts in his affidavit in response to the Motion to Dismiss, rather than clarifying the underlying Complaint, the Court finds that conversion would not change the disposition of this Motion. This case is not a "close call" and even under a summary judgment standard Plaintiff would not prevail on the substantive merits of his claim for the reasons set out in the following sections.

*Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). *See, e.g.*, *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997) (public records); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1018 (5th Cir. 1996) (judicial notice); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1197 (3d Cir. 1993) (letter decisions of governmental agencies). As long as the extrinsic matters "simply fill[] in the contours and details of the plaintiff's complaint," they may be considered by the court without converting the Rule 12(b)(6) motion to one for summary judgment. *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).[5]

Although Mr. Orton submits ten exhibits in support of his response brief, only two are proffered as evidence in opposition to Defendants' Motion to Dismiss for failure to state a claim—Exhibit A, Mr. Orton's affidavit, and Exhibit G, an email sent from Mr. Calamunci to Johnny's employees. The remaining exhibits address issues regarding venue and personal jurisdiction, both of which are now moot.[6] Therefore, the only documents relevant for purposes of determining whether to convert the present motion are Exhibits A and G. Having reviewed the Complaint and the attached exhibits, this Court determines that these extrinsic materials merely "fill in the contours and details" of Mr. Orton's Complaint. They describe in greater detail the purported basis for Mr.

---

[5] Conversely, for Rule 12(b)(2) and 12(b)(3) motions to dismiss for lack of personal jurisdiction and venue, the court may decide the motion "on the pleadings, affidavits, and other evidence." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005) (internal quotations omitted).

[6] As noted above, any dispute as to personal jurisdiction is conceded by Defendants in their reply brief. Moreover, venue is proper. *See* note 3, *supra*.

Orton's ability to bring his claim under the FLSA and explain why Mr. Calamunci qualifies as an employer under the Act.[7] Therefore, the Court will not convert the motion to a motion for summary judgment.

**B.     PLAINTIFF HAS FAILED TO STATE A VIABLE FLSA CLAIM.**

Mr. Orton argues that he is a covered individual within the meaning of the FLSA and that Defendants violated his rights as protected under that Act by failing to promptly pay his wages. However, he admits in his Complaint that he was considered a member of the executive staff who earned a base salary of $125,000 a year, and whose job included coordinating and directing the real estate activities of the corporation, as well as creating site selection protocols. (*See* Compl ¶¶ 9, 10, 13.) When taken in the light most favorable to Mr. Orton, the factual allegations in the Complaint fail to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. By his own admission, Plaintiff is exempt from protection under FLSA. Therefore, and for the reasons set forth in greater detail below, Defendants' Motion to Dismiss shall be granted.

The Fair Labor Standards Act requires employers to pay certain minimum wages to employees "engaged in commerce or the production of goods for commerce." 29

---

[7] The remaining exhibits attached to Mr. Orton's response brief contain documents, such as his employment offer letter, that are not directly referred to but are indirectly mentioned in the particular facts contained within the Complaint. (See Pl.'s Complaint ¶ 10 and Pl.'s Ex. C.) These extrinsic documents could be considered part of the pleadings, as they "add nothing new." However, for purposes of the present Motion to Dismiss, it is not necessary for the Court to consider such documents, as all well-pleaded facts alleged in a Complaint are construed in "the light most favorable to the plaintiff."

U.S.C. § 206. The Act defines an "employee" as "any individual employed by an employer" and defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(e)(1) and (d). Definitions within the Act are construed broadly, while exemptions to the Act's wage provisions "are to be narrowly construed against the employer who seeks to assert [them]." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (internal quotations omitted). This narrow construction "further[s] Congress's goal of providing broad federal employment protection." *Abshire v. County of Kern,* 908 F.2d 483, 485 (9th Cir. 1990) (citing *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S. Ct. 260, 263-64 (1959)).

In spite of this broad sweep, the Act's goal of reforming "the uglier side of a modern economy [does] not imply that all workers [are] equally needful of protection." *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1363 (11th Cir. 1997). "The chief financial officer of a company, for instance, would be less likely to be exploited than a janitor or assembly linesman." *Id.* Thus, Congress removed "any employee employed in a *bona fide* executive, administrative, or professional capacity" from the FLSA's strictures. 29 U.S.C. § 213(a)(1). What constitutes a "*bona fide* executive, administrative, or professional employee" is defined by federal regulation. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100 (executive), 541.200 (administrative) and 541.300 (professional).

9

In this case, the parties appear to concede that Mr. Orton's job is administrative in nature. The FLSA does not protect any administrative employee:

(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . ., exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). Defendants claim that Mr. Orton is a "*bona fide* administrative" employee under all three prongs of this exemption and he may not invoke FLSA protection. Mr. Orton argues only that Defendants cannot establish that he is exempt under the first of the three prongs: the "salary-basis test." Having reviewed the pleadings, the parties' briefs and the relevant exhibits, the Court readily concludes that Defendants have the better argument and that Mr. Orton is an exempt employee under all three prongs of the exemption.

*1.    Salary Basis*

An employee will be considered to be paid on a "salary basis" if he is paid: "(1) a predetermined amount, which (2) was not subject to reduction (3) based on quality or quantity of work performed." *See Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 627 (6th Cir. 2009); *see also* 29 C.F.R. § 541.602(a). "An employee is not paid on a salary basis if deductions from the employee's predetermined compensation" are attributable to "absences occasioned by the employer or by the operating requirements of

the business." 29 C.F.R. § 541.602(a). That is, "[i]f the employee is ready, willing and able to work, deductions may not be made for time when work is not available." *Id.* Such improper deductions, when isolated or inadvertent, "will not result in loss of the exemption" of an employee, "if the employer reimburses the employee" for the reduction. 29 C.F.R. § 541.603(c).

In this case, Mr. Orton argues that he is not an "exempt" salaried employee because he was not paid a predetermined amount during the months of August 2008 to December 2008. Although he makes no effort to refute the fact that he was paid on a salary basis up until August 2008, he argues that, because he was not paid in the months that followed, he was not a "salaried" employee during that period and his job does not satisfy the salary-basis test for purposes of establishing an exemption. The issue before this Court is whether the withholding of Mr. Orton's compensation for the months of August 2008 through November 2008 negates the salary-basis test.

The Court declines to find that Defendants' failure to pay Mr. Orton for several months converts his job from a salary-based position to an hourly-based position. Mr. Orton's argument is nothing more than an attempt to change a standard breach of employment contract claim into an FLSA action—to circumvent Congressional intent for these employment protections. Such maneuvers have been rejected by federal courts. *See Nicholson*, 105 F.3d at 1362, 1365 (citing cases) ("This is an unusual interpretation of the FLSA, one that would convert an entire category of state contract law actions into federal labor suits. Because Congress did not intend such a result for well-compensated,

11

highly responsible positions, we reject the proffered interpretation."). As the *Nicholson* court explained, administrative employees are exempt from coverage within the meaning of the FLSA based on the salary that they were owed under their employment agreements and not based on the on compensation that they actually received. *Id.*; *see also* 29 C.F.R. § 541.602(a). Here, Plaintiff openly admits that he was owed an "annual base salary [of] $125,000." (Compl. ¶ 10.) Nothing in the record indicates that this base salary was subject to reduction because of variations in the quality or quantity of the work performed. Rather, Mr. Orton's allegations suggest only that Defendants stopped paying him this promised salary because of cash flow issues. This stopped payment amounts to a breach of contract claim; it is not evidence of the type of deductions made from an employee's predetermined compensation that constitute an exception to the salary-basis test. The stopped payment does not fundamentally change the nature of the payment Mr. Orton was *owed*: a salary. Therefore, the Court readily concludes that he was to be paid on a salary basis and thus meets the salary-basis test for an administrative employee under FLSA.[8]

### 2. *Primary Duties: Related to Management and Including Exercise of Discretion*

Under 29 C.F.R. § 541.200, Mr. Orton's job satisfies the second and third prongs of the administrative employee exemption. The regulation provides that an "employee

---

[8] This finding is in keeping with the Congressional intent in enacting FLSA. "To extend an exemption to other than those plainly and unmistakably *within its terms and spirit* is to abuse the interpretative process and to frustrate the announced will of the people." *Nicholson*, 105 F.3d at 1364 (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 808 (1945)) (emphasis in original).

employed in a *bona fide* administrative capacity" is an employee "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). "To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Finally, an administrative employee is also an employee "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3).

Mr. Orton states that his primary responsibilities at Johnny's were "coordinating and directing the entire Real Estate division and creating site selection protocols." (Pl.'s Compl. ¶ 9.) Such responsibilities clearly qualify as duties or responsibilities related to the management of Johnny's, as distinct, for example, from a service job in one of Johnny's franchises. Moreover, the creation of protocols for the corporation is a task that clearly involves discretion and independent judgment. In light of the foregoing, the Court finds that Mr. Orton satisfies all three prongs of the exempt employee test set out for administrative employees in 29 U.S.C § 213(a)(1) and 29 C.F.R. § 541.200(a). Accordingly, the Court concludes that Mr. Orton has failed to "state a claim to relief that is plausible on its face" in that he has failed to show any circumstances under which he

might properly avail himself of FLSA protections.[9] Absent a viable FLSA claim, this Court lacks a basis to exercise subject matter jurisdiction over Mr. Orton's remaining claims and this case must be dismissed.

## IV. CONCLUSION

For all the reasons discussed above,

NOW, THERFORE, IT IS HEREBY ORDERED that Defendants' Joint Motion for Dismiss [Dkt. # 7] is GRANTED and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. # 10] is DENIED as moot.

SO ORDERED.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, U.S. District Court

Dated: July 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2010, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137

---

[9] Having reached this conclusion on the basis of the employee exemption alone, the Court need not address Defendants' second argument—that Mr. Calamunci is not an "employer" under the FLSA, 29 § U.S.C. 203(d).

14