## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN ORTON,

      Plaintiff,     No. 10-cv-11013
                Hon. Gerald E. Rosen
v.

JOHNNY'S LUNCH FRANCHISE LLC
 and ANTHONY CALAMUNCI,

      Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER

  Plaintiff filed this suit on March 12, 2010, alleging a series of claims against Defendants, his former employers.  The Court granted Defendants' motion to dismiss on July 20, 2010; and Plaintiff subsequently appealed.  On February 21, 2012, the U.S. Court of Appeals for the Sixth Circuit reversed the Court's earlier determination and remanded the case for further consideration.  During the pendency of appeal, Defendants filed suit against Plaintiff on substantially similar grounds, but elected to file their action in the U.S. District Court for the Northern District of Ohio.  Plaintiff now asks the Court to transfer this case to the Northern District of Ohio for consolidation.  As explained below, the Court will grant Plaintiff's motion.

  Even when filed in a proper venue, 28 U.S.C. § 1404(a) provides that the Court, "for the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought."  28

U.S.C. § 1404(a).  The statute affords the Court tremendous discretion, and the party

seeking transfer must make three showings: "(1) the action could have been brought in

the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is

in the convenience of the witnesses and parties."  *Kepler v. ITT Sheraton Corp.*, 860 F.

Supp. 393, 398 (E.D. Mich. 1994) (citing *Int'l Show Car Ass'n v. ASCAP*, 806 F. Supp.

1308, 1310 (E.D. Mich. 1992)).  The decision to transfer is also guided by the following

factors: "(1) The convenience of the parties; (2) the convenience of the witnesses; (3) the

relative ease of access to sources of proof; (4) the availability of process to compel

attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the

practical problems associated with trying the case most expeditiously and inexpensively;

and (7) the interest of justice."  *Id.*  "[A] plaintiff's choice of forum will be given

deference unless the defendant makes an appropriate showing."  *Audi AG v. Izumi*, 204 F.

Supp. 2d 1014, 1023 (E.D. Mich. 2002).  Finally, "[t]ransfer is not appropriate if the

result is simply to shift the inconvenience from one party to another."  *Id.*

  As an initial matter, Defendants have made only a superficial attempt at opposing

Plaintiff's motion.  They responded to the motion, but provided no argumentation beyond

the cursory claim that Plaintiff "could have" initially filed suit in the Northern District of

Ohio.  Defendants made no effort to engage the considerations described above.  Plaintiff

could indeed have filed suit in Ohio originally, since Defendants are located there and

likely directed relevant business decisions from there as well.  Defendants have not

shown how this fact negatively affects the decision to transfer, however, since

Defendants' claim in effect concedes an element of the § 1404(a) inquiry. 28 U.S.C.
§ 1404(a).

Moreover, on closer inspection, it appears that transfer would indeed serve the
interest of justice and the parties' convenience. First, as a matter of preserving scarce
judicial resources, the Court is loath to prolong bifurcated litigation of similar claims and
issues in separate courts. Doing so taxes the courts as well as the parties, causing the
needless waste of time and financial resources. Dual litigation also creates the risk of
inconsistent judgments. As the parties acknowledge that there will likely be no witnesses
in this case, factors considering the witnesses' convenience do not impact the Court's
analysis. Further, Plaintiff -- who has since moved to Virginia -- is the party seeking
transfer in the first place, and a plaintiff's choice of venue is generally afforded
substantial deference. *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002).
Finally, a transfer to Ohio serves the convenience of Defendants as well, since
Defendants are located in Ohio.

It thus appears that the factors affecting transfer of venue weigh overwhelmingly
in favor of transferring this case to the U.S. District Court for the Northern District of
Ohio. Such a transfer would substantially serve the interests of justice by avoiding
simultaneous proceedings on the same issues; and the party most inconvenienced by the
transfer, Plaintiff, is the party actually seeking transfer. Considering Defendants have not
offered argumentation on point, the Court concludes that transfer is warranted.

NOW, THEREFORE,

IT IS HEREBY ORDERED that Plaintiff's request to transfer this case to the U.S.

District Court for the Northern District of Ohio [Dkt. #16] is GRANTED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 8, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 8, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137

4